1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  SAL SOEUN,                           1:08-cv-00195 DLB HC

10                    Petitioner,        ORDER DENYING RESPONDENT'S
                                         MOTION TO DISMISS THE INSTANT
11       v.                              PETITION AND DIRECTING RESPONDENT
                                         TO FILE ANSWER TO PETITION WITHIN
12  R.A. HOREL,                          SIXTY DAYS FROM DATE OF SERVICE OF
                                         THIS ORDER
13
                     Respondent.         [Doc. 16]
14  _____/

15
16       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17  pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to
    the jurisdiction of the United States Magistrate Judge.  (Court Doc. 14.)
18
19                                      BACKGROUND
20       On July 27, 1999, Petitioner was convicted by a jury of conspiracy to commit home
21  invasion robbery (count I, Cal. Pen. Code §§ 182, 212.5 & 213(a)),[1] attempted home invasion
    robbery (count II, §§ 664, 212.5 & 213(a)), first degree burglary (count III, § 459), assault with a
22  firearm (count IV, § 245(a)(2)), shooting at an inhabited dwelling (count V, § 246), and
23  participating in a criminal street gang (count VI, § 186.22).  The jury also found a number of
24  sentencing enhancements true.  (Lodged Doc. Nos. 1 & 3.)
25       On September 20, 1999, Petitioner was sentenced to a determinate term of 29 years.
26  (Lodged Doc. No. 1.)
27
28  _____
        [1]  All further statutory references are to the California Penal Code unless otherwise indicated.

                                          1

On March 6, 2001, the California Court of Appeal, Fifth Appellate District, remanded the case for re-sentencing but affirmed the judgment in all other respects. (Lodged Doc. No. 1.)

The trial court re-sentenced Petitioner to a determinate term of 27 years and 2 months on May 7, 2002. (Lodged Doc. No. 2.) An amended abstract of judgment was filed to reflect the new sentence. (Id.)

Petitioner filed an appeal, and on May 29, 2003, the California Court of Appeal, Fifth Appellate District, again remanded the case with instructions to strike certain sentencing enhancements and to recalculate Petitioner's actual custody credits. (Lodged Doc. No. 3.) However, the changes to Petitioner's sentence did not reduce his sentence. A second amended abstract of judgment was filed on August 12, 2003. (Lodged Doc. No. 4.)

On or about March 4, 2004, Petitioner filed a pro se petition for writ of habeas corpus in the California Superior Court, County of Stanislaus. (Lodged Doc. No. 5.) The petition was denied on March 22, 2004. (Lodged Doc. No. 6.)

On June 29, 2004, Petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Lodged Doc. No. 7.) The petition was denied, without prejudice, on June 23, 2005. (Lodged Doc. No. 8.)

On July 26, 2005, Petitioner filed a third petition for writ of habeas corpus in the California Superior Court, Stanislaus County. (Lodged Doc. No. 9.) The petition was denied on August 23, 2005. (Lodged Doc. No. 10.)

On September 14, 2005, Petitioner filed a fourth petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Lodged Doc. No. 11.) The petition was denied on August 24, 2006. (Lodged Doc. No. 12.)

On September 25, 2006, Petitioner filed a fifth petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Lodged Doc. No. 13.) The petition was denied on March 1, 2007. (Lodged Doc. No. 14.)

On April 4, 2007, Petitioner filed a sixth petition for writ of habeas corpus in the California Supreme Court, which was denied on August 22, 2007. (Lodged Doc. Nos. 15, 16.)

Petitioner filed the instant federal petition for writ of habeas corpus on January 16, 2008,

1  in the United States District Court for the Northern District of California.  (Doc. 1.)  The petition

2  was subsequently transferred to this Court on February 8, 2008.

3       Respondent filed the instant motion to dismiss on April 17, 2008, and Petitioner filed an

4  opposition on June 17, 2008.  (Docs. 16, 21.)

5                                       DISCUSSION

6  A.     Procedural Grounds for Motion to Dismiss

7       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

8  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

9  entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

10      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

11  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

12  the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

13  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

14  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

15  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

16  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

17  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

18  Supp. at 1194 & n. 12.

19      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

20  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

21  to dismiss pursuant to its authority under Rule 4.

22  B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

23      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

24  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

25  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

26  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

27  S.Ct. 586 (1997).  The instant petition was filed on March 3, 2008, and thus, it is subject to the

28  provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on March 6, 2001, the California Court of Appeal, affirmed the convictions but remanded for resentencing. Petitioner did not file a petition for review in the California Supreme Court. On May 7, 2002, the trial court resentenced Petitioner to 27 years and 2 months. Then on May 29, 2003, the Court of Appeal again remanded the case and instructed the trial court to strike certain sentencing enhancements and to recalculate the actual custody credits. (Lodged Doc. No. 3.) The changes to the sentence did not affect the 27 years and 2 months term, and a second amended abstract of judgment was filed on August 12, 2003. (Lodged Doc. No. 4.) Petitioner did not file a petition for review in the California Supreme Court. Thus, direct review became final on October 11, 2003, when the time to appeal from the second amended abstract of judgment expired 60 days thereafter. Cal. Rules of Court, Rule 8.104(a) [former Rule 2]. Therefore, the one year limitations period began on the following day, October 12, 2003, and absent tolling, was set to expire on October 12, 2004. See Patterson v.

1  Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil

2  Procedure governs the calculation of statutory tolling applicable to the one year limitations

3  period.)

4  C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

6  application for State post-conviction or other collateral review with respect to the pertinent

7  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

8  U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is

9  tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

10  during the intervals between one state court's disposition of a habeas petition and the filing of a

11  habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also

12  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).

13  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if

14  the state court explicitly states that the post-conviction petition was timely or was filed within a

15  reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

16  546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been

17  untimely in state court will not satisfy the requirements for statutory tolling. Id.

18         1.    Limitations Period That Lapsed Prior to Filing First Collateral Petition

19         As just stated, the limitations period began to run on October 12, 2003, and continued to

20  rul until March 4, 2004, the date the first state habeas petition was filed under the mailbox rule.[2]

21  At that time, 145 days of the initial one year period had expired.

22         2.    Tolling During Pendency of First Petition

23         Respondent concedes that the first petition was properly filed, and therefore it tolls the

24  limitations period for the time it was pending.  Applying the mailbox rule, the first petition was

25

26  _____

27  [2] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266
(1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for
forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282,
28  1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to
state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

1  filed in the state superior court on March 4, 2004, and was denied on March 22, 2004.  (Lodged
2  Doc. Nos. 5 & 6.)

3      3.  <u>Tolling For Period Between Denial of First Petition and Filing of Second Petition</u>

4      There was a ninety-three day gap after the first petition was denied by the superior court
5  on March 22, 2004, to Petitioner filing the second state habeas petition in the Court of Appeal,
6  on June 24, 2004 (date filed under mailbox rule).  (Lodged Doc. No. 7.)  Respondent argues that
7  the delay was unreasonable under California law.  As Respondent states, "a state petition is only
8  'pending' if filed within a 'reasonable time.'"  <u>Culver v. Director of Corrections</u>, 450 F.Supp.2d
9  1135, 1140 (C.D. Cal. 2006), citing <u>Carey v. Saffold</u>, 536 U.S. 214, 221 (2002).  Because the
10  state court did not indicate whether the state petition was timely, this Court "must decide whether
11  the filing of the request for state-court appellate review was made within what California would
12  consider a 'reasonable time.'"  <u>Evans v. Chavis</u>, 546 U.S. 189, 198 (2006).

13      Here, the Court does not find Respondent's argument persuasive.  In <u>Evans</u>, the Supreme
14  Court noted that the unexplained/unjustified delay of six months is far longer than the thirty to
15  sixty days in which most states provide to file an appeal, and such delay between the filings of
16  state post-conviction petitions was not "reasonable" under California law.  <u>Evans</u>, 546 U.S. at
17  200-201.  It also reasonable to infer from the reference in <u>Evans</u> to the thirty and sixty day time
18  frame provided by most states to file an appeal, that a delay of sixty days would be reasonable.
19  <u>Id</u>.  In the instant case, the decisive question is whether the delay of ninety-three days is
20  reasonable.  The ninety-three day period falls within the window of uncertainty.  However, based
21  on the arguments presented in Respondent's motion to dismiss, it is undisputed that the instant
22  petition is untimely by only three days.  Given that the ninety-three day delay falls within the
23  time frames explained in <u>Evans,</u> and without the benefit of statutory tolling for this time the
24  instant petition is untimely by only *three* days, the Court does not find that the ninety-three day
25  delay was unreasonable under California law and Petitioner is entitled to statutory tolling.

26      4.  <u>Tolling During Period Second Petition Was Pending in State Court</u>
27      Respondent submits, although not conceding the issue, that because the second petition

28

was denied without prejudice,[3] Petitioner is entitled to tolling for the period of June 24, 2004 (mailbox rule), through June 23, 2005 (date second petition denied).  (Lodged Doc. Nos. 7 & 8.)

5.   Tolling For Period of Time Between Denial of Second Petition and Filing of Third Petition

Petitioner filed the third petition on July 20, 2005 (mailbox rule), twenty-six days after the court of appeal denied his second petition.  (Lodged Doc. No. 9.)  Although Respondent indicates that it is arguable that this period of time should not be tolled as Petitioner was not proceeding in an orderly progression to complete one full round of review, Respondent submits that because the second petition was denied, without prejudice, he assumes, without conceding the argument, that Petitioner is entitled to tolling for this period of time, i.e. June 23, 2005 (date second petition denied), through July 20, 2005 (date third petition filed under mailbox rule).

6.   Tolling During Period of Time Third Petition was Pending in State Court

Respondent concedes that Petitioner is entitled to tolling for the period of time that the third petition was pending from July 20, 2005 through August 23, 2005.  (Lodged Doc. No. 9 & 10.)

7.   Tolling For Period of Time Between Denial of Third Petition and Filing of Fourth Petition

Petitioner filed the fourth state habeas corpus petition on September 7, 2005 (mailbox rule), fourteen days after the superior court denied the third petition.  (Lodged Doc. No. 11.) Respondent concedes that this period of time is reasonable under California law, and Petitioner is entitled to gap tolling for this period of time.

8.   Tolling During Period of Time Fourth Petition was Pending in State Court

Respondent concedes that the fourth state habeas corpus petition was properly filed, and

---

[3]  Specifically, in denying the second petition without prejudice, the Court of Appeal stated:
   Petitioner has failed to provide a copy of the second interview or
   explain why he should be excused from providing such copy.  Petitioner has
   failed to show that he exhausted his remedy on habeas corpus in the superior
   court by filing a petition containing the transcripts of both interview.

(Lodged Doc. No. 8.)

Petitioner is therefore entitled to tolling for the time that it was pending in the state court of appeal, i.e. from September 7, 2005 through August 24, 2006.  (Lodged Doc. Nos. 11 & 12.)

9. <u>Tolling For Period of Time Between Denial of Fourth Petition and Filing of Fifth Petition</u>

Petitioner filed the fifth state habeas corpus petition on September 7, 2006 (under mailbox rule), thirteen days after the court of appeal denied the fourth petition.  (Lodged Doc. No. 13.)  Respondent does not argue that the 13 days between the denial of the fourth petition and the filing of the fifth petition was an unreasonable delay.  Respondent again argues that it is arguable that this period of time should not be tolled because Petitioner was not proceeding in an orderly progression to the next state level of review.  However, Respondent submits, without conceding the issue, that because the fourth petition was again denied without prejudice, Petitioner is entitled to tolling for the 13-day period between August 24, 2006 (date fourth petition denied), through September 7, 2006 (date fifth petition signed).

10. <u>Tolling During Period of Time Fifth Petition was Pending in State Court</u>

Respondent does not argue that the fifth petition was improperly filed, and Petitioner is therefore entitled to tolling from September 7, 2006 (date fifth petition filed under mailbox rule) through March 1, 2007 (date fifth petition denied).

11. <u>Tolling For Period of Time Between Denial of Fifth Petition and Filing of Sixth Petition</u>

Petitioner filed the sixth state habeas corpus petition on March 30, 2007, twenty-nine days after the court of appeal denied the fifth petition.  (Lodged Doc. No. 15.)  Respondent concedes that the 29 days was not unreasonable and Petitioner was proceeding to the next appellate level of review.  Accordingly, Petitioner is entitled to tolling for this 29 days gap.

12. <u>Tolling During Period of Time Sixth Petition Was Pending in State Court</u>

Respondent does not argue that the sixth state habeas corpus petition was improperly filed, and therefore Petitioner is entitled to tolling from the date the sixth petition was filed on March 30, 2007, through August 22, 2007, the date it was denied.  (Lodged Doc. Nos. 15 & 16.)

13. <u>No Tolling For Period Between Denial of Sixth Petition and Filing of Instant Petition</u>

The limitations period is not tolled for the period of time between the completion of state

1   review and the filing of a collateral petition in federal court.  28 U.S.C. § 2244(d)(1); see Mayle

2   v. Felix, 545 U.S. 644, 644 (2005); Rhines v. Weber, 544 U.S. 269, 271 (2005); Nino v. Galaza,

3   183 F.3d at 1007.  In addition, Petitioner is not entitled to statutory tolling for the period of time

4   in which to file a petition for writ of certiorari to the United States Supreme Court following state

5   collateral review.  Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1084-1085 (2007).

6   Therefore, Petitioner is not entitled to tolling from August 22, 2007(date the sixth petition was

7   denied by the California Supreme Court), to December 30, 2007 (date the instant petition was

8   filed under the mailbox rule), and an additional 130 days of the one year limitations period

9   expired.

10          Based on the foregoing, only 275 days of the limitations period is not subject to statutory

11  tolling, and the instant petition is therefore timely filed under section 2244(d).

12  D.     Equitable Tolling

13          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

14  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

15  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

16  of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

17  (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

18  denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

19  tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

20  Enters., 5 F.3d 391, 395 (9th Cir.1993).

21          Here, the Court finds no reason to equitably toll the limitations period.

22                                                ORDER

23          Based on the foregoing, it is HEREBY ORDERED that:

24          1.     Respondent's motion to dismiss the instant petition for writ of habeas corpus is

25                 DENIED;

26  ///

27  ///

28  ///

                                                    9

2.  Respondent is directed to file an answer to the petition within **sixty (60)** days from the date of service of this order; and,

3.  All other provisions of the Court's February 22, 2008, order remain in full force and effect.


IT IS SO ORDERED.

**Dated:**   **October 7, 2008**                    _____**/s/ Dennis L. Beck**_____
                                                 UNITED STATES MAGISTRATE JUDGE